UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DRY HANDY INVESTMENTS LTD.,

          Plaintiff,

                              Civil Action No. 2:13 cv 678

v.

CORVINA SHIPPING CO. S.A.
and COMPAÑIA SUD AMERICANA DE
VAPORES S.A.,

          Defendant.

### DHI'S MOTION FOR AN EXTENSION OF TIME IN THE NATURE OF A STAY

COMES NOW Plaintiff Dry Handy Investments, Ltd. ("DHI"), and moves this Honorable Court for an Order staying this proceeding pending the resolution in the High Court of Justice, Queen's Bench Division, Commercial Court, in London, of an *ex parte* Confirmed Interim Anti-Suit Injunction and Order issued by The Honorable Mr. Justice Globe at the instance of Defendant Corvina Shipping Co. S.A. ("Corvina"), on the following grounds:

1.      On Saturday, December 28, 2013, Corvina sought and obtained a "Confirmed Interim Anti-Suit Injunction and Order" ("**the Order**") issued by The Honorable Mr. Justice Globe of the High Court of Justice, Queen's Bench Division, Commercial Court, in London, copy attached as Exhibit "A". The Order was made by the Court on an *ex parte* basis and entered on December 30th.

2.      The Order is in broad terms, stating that DHI, as Respondent, "…whether by itself, its servants or agents or otherwise howsoever shall not seek to obtain security for its claim against the Claimant by arresting or taking any similar attachment steps against any vessel in any jurisdiction on the basis of allegations of piercing of the corporate veil and/or alter-ego." In making the Order, the Court accepted undertakings set out in Schedule 1 to the Order, including undertakings from Corvina and Compañia Sud Americana de Vapores S.A. ("CSAV") to pay any order for compensation if the Court should later find that the Order has caused loss to DHI, as the Respondent, and that DHI should be compensated for that loss.

3.      Although Messrs. Kevin and Patrick Lennon, of the firm Lennon, Murphy, Caulfield & Phillips, and Philip N. Davey and Patrick M. Brogan of the firm Davey & Brogan, P.C. are not within the personal jurisdiction of the High Court of Justice in London, as counsel of record they nevertheless act for DHI and have written notice of the Order.

4. The Order is an interim order, providing that there will be a further hearing in respect of the Order on January 13, 2014.

5. On December 6th instant, this Honorable Court by Memorandum Opinion and Order, vacated the attachment of and released the M/V LIMARI (ECF No. 27).

6. Despite the release of the M/V LIMARI, the Court retains jurisdiction *quasi in rem* and has the power to restore the attachment of the M/V LIMARI by virtue of its power over the *in personam* Claimant, Limari Shipping Co., Ltd. *Republic National Bank of Miami v. United States*, 506 U.S. 80 at 85 (1992) ("while control over the res is a prerequisite to initiation of the in rem action, the court does not need to continuously possess the res to maintain jurisdiction once established.") The Fourth Circuit in *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 540 at 541 (4th Cir. 2013) adopted and applied Republic, reasoning "…even if the attachment of the THOR was vacated under Supplemental Rule E, that event would not, in and of itself, act to terminate the jurisdiction of the district court as to the Amended Verified Complaint."

7. On December 23rd instant, CSAV made a restricted appearance *in personam* moving this Honorable Court to vacate the already vacated attachment and for attorneys' fees and costs (ECF Nos. 31 & 32).

8. Under Local Rule 7 DHI's response in opposition to CSAV's motion is due on or before January 6, 2014. Any response by DHI necessarily will seek to restore the attachment of the M/V LIMARI by this Honorable Court.

9. Although no judgment on the Court's Memorandum Opinion and Order has been entered, DHI was prepared to file a motion for reconsideration of that order during the week commencing December 30th instant.

WHEREFORE, Plaintiff Dry Handy Investments, Ltd. prays that this Honorable Court exercise its discretion in managing this civil action and stay the proceedings pending the resolution of the Order, thus suspending any scheduled briefing.

        DRY HANDY INVESTMENTS LTD.

        /s/
        _____
        Of Counsel

Mr. Philip N. Davey, VSB No. 14061
Mr. Patrick M. Brogan, VSB No. 25568
DAVEY & BROGAN, P.C.
 Attorneys for Plaintiff
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Tel: (757) 622-0100
Fax: (757) 622-4924
Email: pdavey@daveybroganpc.com
   pbrogan@daveybroganpc.com

Mr. Patrick F. Lennon (licensed NY, admitted pro hac vice 12/04/13)
Mr. Kevin J. Lennon (licensed NY, admitted pro hac vice 12/04/13)
Lennon, Murphy, Caulfield & Murphy
Tide Mill Landing
2425 Post Road, Suite 302
Southport, CT 06890
Tel:   203-255-5700
Fax:   203-255-5702
E-mail:  plennon@lmcplegal.com
         klennon@lmcpllegal.com

## CERTIFICATE OF SERVICE

I certify that on December 31, 2013, I electronically filed this "DHI's Motion for Extension of Time in the Nature of a Stay" with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

> mcoberly@vanblk.com
> dpaul@vanblk.com
> Mr. Mark T. Coberly
> Mr. Dustin Paul
> VandeventerBlack LLP
> 500 World Trade Center
> 101 West Main Street
> Norfolk, VA 23510

                                        /s/
                                        _____
                                        Philip N. Davey

Philip N. Davey, VSB No. 14061
Patrick M. Brogan, VSB No. 25568
Davey & Brogan, P.C.
    Counsel to Plaintiff DHI
101 Granby Street, Suite 300
Norfolk, VA 23510-1636
Tel:   757-622-0100
Fax:   757-622-4924
E-mail:  pdavey@daveybroganpc.com
         pbrogan@daveybroganpc.com